IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2004

**STATE OF TENNESSEE v. DARIAN NIGEL SPARKS**

**Appeal from the Criminal Court for Knox County**
**Nos. 75820, 77714    Richard Baumgartner, Judge**

**No. E2003-02021-CCA-R3-CD**
**June 21, 2004**

The defendant, Darian Nigel Sparks, pled guilty in the Knox County Criminal Court to robbery and the attempted sale of a Schedule I controlled substance, Class C felonies. Pursuant to the plea agreement, the defendant received consecutive sentences of eight years for each offense, with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court denied the defendant's request for alternative sentences and ordered that he serve his sentences in the Department of Correction. The defendant appeals, claiming that the trial court erred by ordering that he serve his sentences in confinement. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Richard A. Major, Knoxville, Tennessee, for the appellant, Darian Nigel Sparks.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's robbing The Favorite Market on July 27, 2002, and his attempting to sell fifty Ecstasy pills in a Kroger parking lot on February 13, 2003. With regard to the defendant's robbery conviction, the presentence report reflects that the defendant entered the store, approached the counter, and left the store. He then reentered the store through another entrance, pulled out a gun, and placed a newspaper over it. He approached the cashier, telling her to give him the money from the register. When the cashier did not act quickly enough, the defendant removed the tray with the money from the register. He told the cashier to go to the back room in the store and that he would not hurt her. The defendant then shut the door to the back room and left with the money. With regard to the defendant's conviction for attempting to sell Ecstasy pills, on

February 13, 2003, the police saw the defendant get out of his car and enter another vehicle in a Kroger's parking lot. After investigating the incident, the defendant admitted that he was trying to sell fifty Ecstasy pills.

The presentence report reflects that the then twenty-six-year-old defendant was a high school graduate and was married with two children. The report shows that the defendant has multiple juvenile offenses, including two aggravated assaults and theft of a car. In the report, the defendant stated that he was in good health. He also stated that he began using alcohol, marijuana, and LSD when he was seventeen; cocaine and Ecstasy when he was twenty-three; and crack cocaine and methamphetamine when he was twenty-five. He stated, however, that he did not like using drugs.

At the sentencing hearing, the trial court stated that the defendant was not an appropriate candidate for probation and ordered his sentences be served in confinement. In making this determination, the trial court stated that the defendant committed five felonies as a juvenile and that his sentences involving probation for these felonies were unsuccessful in altering the defendant's conduct. The court noted that the defendant had committed the current drug offense while on bond in the robbery case. The court also considered the defendant's failure to appear in court or for court-ordered evaluations on several occasions.

The defendant contends that the trial court improperly denied his request for alternative sentencing. He argues that confinement was not necessary to protect society from him. See T.C.A. § 40-35-103(1)(A). He states that he has no convictions as an adult and argues that this should be considered in determining whether probation is appropriate. Finally, he argues that probation is not necessary to avoid depreciating the seriousness of the offenses. See T.C.A. § 40-35-103(1)(B). The state responds that the trial court properly denied the defendant's request for alternative sentences. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit

similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. <u>Ashby</u>, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A), (C)). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation. T.C.A. § 40-35-103(5).

Initially, we note any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. <u>See</u> T.C.A. § 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to his convictions. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. Failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full <u>de</u> <u>novo</u> review of the sentence under T.C.A. § 40-35-210(b).

In any event, we conclude that the trial court did not err by ordering the defendant to serve his sentences in incarceration. The defendant committed multiple offenses as a juvenile, including two aggravated assaults and a car theft. <u>See</u> <u>State v. Zeolia,</u> 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996) (stating that courts may consider the failure of probation following juvenile adjudications of unruliness in denying an alternative sentence). In this case, despite receiving probation for his juvenile offenses, the defendant continued to act illegally, as shown by the present convictions. This does not reflect a high potential for rehabilitation. <u>See</u> T.C.A. § 40-35-103(1)(C). The trial court properly denied the defendant's request for alternative sentences.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

 

 

_____
JOSEPH M. TIPTON, JUDGE